# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-186V
Filed: October 29, 2014

* * * * * * * * * * * * * * * * * * * * * * * *

JANA WILKES, on behalf of          *
D.N.T., a minor child,             *
                                   *
             Petitioner,     *
                                   *
v.                                     *
                                   *
SECRETARY OF HEALTH       *
AND HUMAN SERVICES,      *
                                   *
             Respondent.     *
                                   *

* * * * * * * * * * * * * * * * * * * * * * * *

**UNPUBLISHED**

Special Master Hamilton-Fieldman

Petitioner's Motion for Dismissal
Decision; Insufficient Proof of
Causation; Vaccine Act Entitlement;
Human Papillomavirus ("HPV")
Vaccine; Unspecified Injury.

<u>Danielle Anne Strait</u>, Maglio Christopher and Toale, P.A., Washington, D.C., for Petitioner.
<u>Ann Donohue Martin</u>, United States Department of Justice, Washington, DC, for Respondent.

## <u>DECISION</u>[1]

On March 5, 2014, Jana Wilkes ("Petitioner") filed a petition for compensation on behalf of her minor child, D.N.T., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 <u>et seq.</u> (2006) ("Vaccine Act"). Petitioner alleges that D.N.T. suffered from an adverse reaction to a human papillomavirus ("HPV") vaccine she received on March 4, 2011. Petition ("Pet") at 1-2. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On October 29, 2014, Petitioner filed a Motion for a Dismissal Decision ("Motion"). In her Motion, Petitioner indicates that "[a]n investigation of the evidence of her case demonstrated to Petitioner that she will be unable to prove entitlement to compensation under the standards of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

the National Vaccine Injury Compensation Program." Motion at 1. Petitioner further states that she understands that a dismissal of her petition will result in a judgment against her regarding D.N.T.'s injury, and that such a judgment will end all of her rights in the Program. Id.

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that D.N.T. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that D.N.T. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that her injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, the medical records are insufficient to establish entitlement to compensation, and no expert reports have been filed.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master